# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA L. VAUGHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-265-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Debra L. Vaughan requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on May 3, 1962, and was forty-five years old at the time of the relevant administrative hearing. She has a high school education plus some college (Tr. 232) and has worked as a production manager/scheduling supervisor for a greeting card company (Tr. 236). The claimant alleges that she has been unable to work since July 11, 2003 because of focal segmental glomerulosclerosis (a kidney disease that causes anemia and severe fatigue), bulging, herniated discs in her lumbar spine, arthritis, coronary artery disease, fibromyalgia, and depression (Tr. 270).

## Procedural History

The claimant applied on August 28, 2003 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Charles Headrick conducted an administrative hearing and determined that the claimant was not disabled on June 20, 2005. The claimant appealed to this Court, which reversed the Commissioner's decision in Case No. CIV-06-007-SPS and remanded for further proceedings. ALJ Lantz McClain held administrative hearings on September 7, 2007 and on March 10, 2008, and issued a written opinion on April 23, 2008 finding that the claimant was disabled as of December 13, 2007, but not before (Tr. 276). The claimant appealed the determination that she was not disabled from

July 11, 2003 through December 13, 2007, but the Appeals Council denied review. Thus, the ALJ's written opinion dated April 23, 2008 is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that between July 11, 2003 and December 13, 2007, the claimant had the residual functional capacity ("RFC") to perform the full range of sedentary work (Tr. 271). The ALJ concluded that the claimant was not disabled because she could return to her past relevant work as a manager and scheduling supervisor (Tr. 277).

### Review

The claimant contends that the ALJ erred (i) by failing to properly evaluate the medical and other evidence of her fatigue prior to December 13, 2007; (ii) by failing to properly evaluate the limitations caused by her fatigue prior to December 13, 2007; (iii) by finding she had past relevant work as a scheduling supervisor; and, (iv) by improperly determining that she could perform her past relevant work as a production manager. The Court finds that the ALJ failed to properly evaluate the claimant's complaints of fatigue prior to December 13, 2007, and the decision of the Commissioner must therefore be reversed.

On March 23, 2007, the Court reversed the Commissioner's prior non-disability determination in Case No. CIV-06-07-SPS and remanded the case for a thorough analysis by the ALJ of the claimant's complaints of severe fatigue and for proper evaluation of her

credibility. But neither was done satisfactorily on remand. As to the claimant's fatigue complaints, the April 23, 2008 opinion provides little more discussion of the evidence than the June 20, 2005 opinion (in particular, much of the evidence noted by the Court in Case No. CIV-06-07-SPS *is not* discussed), and consists of impermissible "picking and choosing" from the medical record for evidence supporting a non-disability determination while ignoring evidence supporting the opposite conclusion. *See Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004) ("It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler,* 742 F.2d 382, 385-86 (7th Cir. 1984). For example, the ALJ noted that the treatment claimant received only "routine" treatment for fatigue (Tr. 274), but apparently ignored the connection to her kidney disease, for which she was also taking treatment (Tr. 138), and the failure of treatment to relieve her fatigue, as evidenced by her persistent complaints to physicians. *See id.* at 680 ("It was error for the ALJ to fail to expressly consider claimant's persistent attempts to find relief from his pain, his willingness to try various treatments for his pain, and his frequent contact with physicians concerning his pain-related complaints.").

With regard to the credibility of the claimant, the April 23, 2008 opinion provides somewhat more analysis than the June 20, 2005 opinion, but that analysis is substantially flawed. For example, there is some mischaracterization of the claimant's testimony, *i. e.*, the opinion indicates the claimant reported the ability to perform "housework, including preparing meals, cleaning the dishes, washing clothes and other daily chores around the

house, as well as help her husband at the church" (Tr. 274), when the claimant actually reported only the ability to perform light duty chores like dusting and being "[t]oo tired to cook 3 square meals a day" (Tr. 69), to do some laundry, although her "son will do some of his own when [she's] tired or . . . down" (Tr. 240), and to *attend* church with her pastor husband (Tr. 72). *See Bakalarski v. Apfel*, 131 F.3d 151, 1997 WL 748653, at *3 (10th Cir. Dec. 3, 1997) ("Because a credibility assessment requires consideration of all the factors 'in combination,' when several of the factors *relied upon* by the ALJ are found to be unsupported or contradicted by the record, we are precluded from weighing the remaining factors to determine whether they, in themselves, are sufficient to support the credibility determination.") [unpublished opinion], *quoting Huston v. Bowen,* 838 F.2d 1125, 1132 n. 7 (10th Cir. 1988).

Further, the April 23, 2008 opinion makes patently contradictory references to the claimant's description of daily activities, *i. e.*, it is dismissed as objectively unverifiable, *see Swanson v. Barnhart,* 190 Fed. Appx. 655, 657-58 (10th Cir. 2006) ("Objective verifiability is not the standard we have settled upon for credibility issues. Rather, we have long insisted that ALJs rely on evidence that is (1) 'substantial'; and (2) 'closely and affirmatively' linked to credibility.") *quoting Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995); *but see Wall v. Astrue,* 561 F.3d 1048, 1070-71 (10th Cir. 2009) (no error in commenting that claimant's subjective complaints were objectively unverifiable when the ALJ otherwise properly determined credibility), but accepted nonetheless as supportive of the conclusion that her daily activities were too extensive her to be disabled (Tr. 274).

*See Thompson v. Sullivan,* 987 F.2d 1482, 1490 (10th Cir. 1993) ("[T]he ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain. The 'sporadic performance [of household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity.'"), *quoting Frey v. Bowen,* 816 F.2d 508, 516-17 (10th Cir. 1987). At a minimum, more explanation of these conclusions is required.

Because the ALJ failed to follow the instructions of this Court on remand, *i. e.*, to properly consider the claimant's complaint of severe fatigue and to properly evaluate her credibility, the decision of the Commissioner must be reversed and the case remanded for further analysis. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant could perform prior to December 13, 2007, if any, and ultimately whether she was disabled during that time frame.

## Conclusion

In summary, the Court finds that correct legal standards were not applied, and the decision of the Commissioner is therefore not supported by substantial evidence. The decision of the Commissioner is consequently REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**