# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA L. VAUGHAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-08-265-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Commissioner of the Social Security Administration denied an application for benefits by the Plaintiff Debra L. Vaughan. On appeal, this Court reversed the decision of the Commissioner and remanded the case for further administrative proceedings, which resulted in a disability determination and an award of $38,688.00 in past-due benefits to the Plaintiff. The Plaintiff now seeks $15,327.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that the Plaintiff's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) with Brief in Support and Plaintiff's Motion for Relief Under Fed. R. Civ. Pro. 60(b)(6) with Brief in Support [Docket No. 33] should be GRANTED.

The Commissioner issued a notice of award detailing, *inter alia*, the Plaintiff's past-due benefits and the amount withheld for payment of attorneys' fees on February 18, 2012. The Plaintiff's motion (filed March 12, 2012) thus comes less than 30 days after issuance of the notice of award. The Court therefore concludes for purposes of this case

that the motion for attorneys' fees under Section 406(b) was filed "within a reasonable time" as required by Fed. R. Civ. P. 60(c)(1), *see McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award.") [citations omitted].

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). This amount is exclusive of any award to the Plaintiff's agency representative under 42 U.S.C. § 406(a). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [citations omitted]. The request for $15,327.00 does not exceed 25% of the Plaintiff's past-due benefits, so the Court need only consider whether this amount is reasonable for the work performed in this case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("§ 406(b) does not displace contingent-fee agreements as the primary means

by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors in determining the reasonableness of a Section 406(b) fee under *Gisbrecht* include the character of the representation and results achieved, 535 U.S. at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused unnecessary delay (thereby increasing the amount of the Plaintiff's past-due benefits), and whether the contingent fee is so large in comparison to the amount of time spent on the case that it results in a windfall. *Id.*, *citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or when the amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *Id.*, *citing Rodriguez*, 865 F.2d at 741. Based on these factors, the Court finds that a fee award of $15,327.00 is reasonable for the work done on appeal in this case.

First, the Plaintiff's attorneys ably represented her in this appeal and ultimately obtained excellent results for her. The Court reversed the Commissioner's decision and remanded the case for further proceedings twice for reasons argued by the Plaintiff's attorneys and awarded the Plaintiff $5,653.40 in CIV-06-007-SPS and $7,673.60 in the instant case in costs and attorneys' fees as the prevailing party pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412(d).  On remand, the Plaintiff ultimately obtained a disability determination from the Commissioner and an award of past-due benefits in the amount of $85,837.00.  Second, there is no evidence the attorneys caused any delay that would have increased the Plaintiff's past-due benefits.  Third, an award of $15,327.00 results in no windfall to the attorneys because the attorneys spent approximately 37.6 hours working on this case and would thus earn approximately $407.63 per hour, which rate would not be excessive given the contingent nature of the representation and an appreciable risk of loss.  The Court therefore concludes that the requested fee of $15,327.00 is reasonable within the guidelines set by *Gisbrecht*.

The Commissioner withheld $21,459.25 from the Plaintiff's past-due benefits.  The agency-level attorney who represented Plaintiff at the administrative level has requested a fee of $6,000, which has been approved but is yet to be paid.  But even after that fee has been paid, the amount retained by the Commissioner from the Plaintiff's past-due benefits is still sufficient to pay the $15,327.00 the Plaintiff now owes her attorneys.  *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference.").  Further, because the $15,327.00 awarded herein exceeds the combined $13,327.00 previously awarded by the Court under the EAJA, the Plaintiff's attorneys must refund the latter amount to the Plaintiff.  *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

Accordingly, the Plaintiff's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) with Brief in Support and Plaintiff's Motion for Relief Under Fed. R. Civ. Pro. 60(b)(6) with Brief in Support [Docket No. 33] is hereby GRANTED. The Court hereby approves an award of $15,327.00 in attorneys' fees to the Plaintiff's attorneys pursuant to 42 U.S.C. § 406(b)(1), and directs the Commissioner to pay the balance of the past-due benefits in his possession to the Plaintiff's attorneys, who shall thereupon refund the full amount previously awarded under the EAJA to the Plaintiff.

**IT IS SO ORDERED** this 13th day of April, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma